UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Mary Jane Wilkins, et al.</u>

   **v.**            Case No 09-cv-114-PB
                  Opinion No. 2009 DNH 173
<u>Alice Peck Day Memorial Hospital</u>


## O R D E R

  Mary Jane and Walter Wilkins have filed a motion to both strike Alice Peck Day Memorial Hospital's fourth affirmative defense and declare that N.H. Rev. Stat. Ann. § 519-B, the state's law requiring screening panels for medical malpractice claims, is inapplicable in this case.

  As a preliminary matter, I note that the hospital's fourth affirmative defense is merely an assertion that the case must be reviewed by a medical malpractice screening panel.  This is not an affirmative defense.  Accordingly, plaintiffs' request to strike the defendant's fourth affirmative defense is granted.

  Plaintiffs' additional request for a declaration that Chapter 519-B is inapplicable in this case is meritless to the extent that it seeks to bar a referral to a medical malpractice screening panel and premature to the extent that it seeks to bar the court from admitting the panel's findings into evidence.

In Feinstein v. Mass. Gen. Hosp., 643 F.2d 880, 882-83 (1st Cir. 1981), the First Circuit ruled that the district court was required by the Erie doctrine to refer a medical malpractice action to a screening panel pursuant to Mass. Gen. Laws Ch. 231, § 60B.  Plaintiffs have failed to demonstrate that Chapter 519-B differs materially from section 60B, nor do plaintiffs have a credible claim that a referral for screening violates plaintiffs' Seventh Amendment right to a jury trial.  Thus, I am obligated to refer this case for screening pursuant to Chapter 519-B.  See Plumb v. Lavery, 2007 DNH 066; Aumand v. Dartmouth-Hitchcock Med. Ctr., 2007 DNH 095.

Plaintiffs also request a ruling barring any finding by the panel from being admitted into evidence.  This request is premature.  In postponing consideration of this matter, I do not mean to leave the plaintiffs with false hope.  The First Circuit has rejected a similar challenge based on Erie grounds and has expressed skepticism as to the viability of a challenge based on the Seventh Amendment.  See Daigle v. Maine Med. Ctr., 14 F.3d 684, 688 n.3, 689-90 (1st Cir. 1994).  Moreover, challenges based on Byrd v. Blue Ridge Rural Elec. Co-op., 356 U.S. 525 (1958) and the Seventh Amendment have been uniformly unsuccessful, at least at the circuit court level.  See Gronne v. Abrams, 793 F.2d 74, 78 (2d Cir. 1976); Seoane v. Ortho Pharm., Inc., 660 F.2d 146,

148-49 (5th Cir. 1981); <u>DiAntonio v. Northampton-Accomack Mem.</u>
<u>Hosp.</u>, 628 F.2d 287, 290-91 (4th Cir. 1980); <u>Edelson v.</u>
<u>Soricelli</u>, 610 F.2d 131, 136-37 (3d Cir. 1979); <u>Hines v. Elkhart</u>
<u>Gen. Hosp.</u>, 603 F.2d 646, 647-49 (7th Cir. 1979).

    Plaintiffs' motion to strike (Doc. No. 10) is granted in
part and denied in part.  Defendant's fourth affirmative defense
is stricken.  The case shall be referred for screening pursuant
to Chapter 519-B.  In all other respects, the motion is denied
without prejudice.

    SO ORDERED.

                                  /s/Paul Barbadoro
                                  Paul Barbadoro
                                  United States District Judge

November 9, 2009

cc:  W. Kirk Abbott, Jr., Esq.
     Michael F. Hanley, Esq.